J-S16042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
  v.   :
  :
  :
  :
HOPOLITO DAIZ   :
  :
  Appellant   :   No. 881 EDA 2022

Appeal from the Judgment of Sentence Entered March 3, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002651-2019

BEFORE: DUBOW, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:      **FILED OCTOBER 16, 2023**

Hopolito Daiz[1] (Appellant) appeals from the judgment of sentence

entered in the Philadelphia County Court of Common Pleas after his non-jury

convictions of possession of a controlled substance, possession with intent to

---

[1] Appellant's notice of appeal lists his last name as "Diaz." *See* Appellant's Notice of Appeal, 3/22/22. However, the trial court docket, sentencing order, and Pa.R.A.P. 1925(a) opinion spell Appellant's name "Daiz." *See* Criminal Docket CP-51-CR-0002651-2019, at 1; Order, 3/3/22; Trial Ct. Op., 5/27/22, at 1. At sentencing proceedings, Appellant stated his "real name" was "Derranco" and in his brief, counsel refers to Appellant as "Mr. Barranco." *See* N.T. Sentencing, 3/3/22, at 4; *Anders* Brief at 1.

Pennsylvania Rule of Appellate Procedure 904(b)(1) states that "[t]he parties shall be stated in the caption as they appeared on the record of the trial court at the time the appeal was taken." *See* Pa.R.A.P. 904(b)(1). Accordingly, we refer to Appellant as "Hopolito Daiz," which is the name that appears on the trial court's docket.

distribute (PWID) — heroin and fentanyl, and conspiracy to commit PWID.[2]

Contemporaneous with this appeal, Appellant's counsel, Evan T.L. Hughes, Esquire, has filed a petition to withdraw from representation and an *Anders* brief.[3] The *Anders* brief presents a claim that challenges the weight of the evidence. For the reasons below, we affirm the judgment of sentence and grant counsel's petition to withdraw.

We glean the underlying facts of this matter from the trial court's opinion:

> On January 24, 2019, [Philadelphia Police] Officer Ryan Flynn . . . was leading the surveillance for the illegal sale of narcotics on the 2900 block of A Street, in . . . Philadelphia[, Pennsylvania]. At approximately 3 :45 p.m., Officer Flynn observed Kenneth Rodriguez . . . exit the target location of [a home on] North A Street and proceed down the street to a park. Once in the park, [ ] Rodriguez approached Appellant's co-defendant, Irizarry Rosato . . . and handed [ ] Rosato several blue bundles[.] Rodriguez then returned to the target location [on] North A Street.
>
> Following the interaction with [ ] Rodriguez, [ ] Rosato approached Appellant and engaged in a brief conversation. Officer Flynn observed, from about [45] feet away, [ ] Rosato hand off the blue bundles to Appellant. At that point, Appellant unzipped the front of his pants, placed the blue bundles inside his pants, and rezipped the front of his pants. Shortly thereafter, [ ] Rosato returned to the park down the street.

Trial Ct. Op. at 2 (record citations omitted).

_____

[2] 35 P.S. §§ 780-113(a)(16), (30); 18 Pa.C.S. § 903(c).

[3] *See Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

Officer Flynn then witnessed two separate hand-to-hand transactions between Appellant and another person. *See* Trial Ct. Op. at 2-3. Each time, Appellant "engaged in a brief conversation" with the individual, that person handed Appellant "an unknown amount" of money, and in exchange Appellant retrieved a "blue bundle" of packets from his pants and handed some to the individual. *Id.* Both individuals who Appellant interacted with were stopped by officers after they left Appellant's presence. The officers recovered "packets stamped [with] Gucci" from each of their persons. *Id.*

> After Appellant's interaction with [the second buyer], Officer Flynn saw Appellant walk to the park where [ ] Rosato was located. Appellant approached [ ] Rosato and gave him an unknown amount of [money.] Rosato then proceeded to the target location [on] North A Street, where he was met by [ ] Rodriguez exiting the house. [ ] Rosato handed off the [money] received from Appellant to [ ] Rodriguez in exchange for several blue bundles, at which point [ ] Rodriguez retreated into [the home on] North A Street and closed the door. [ ] Rosato returned to the park, where he handed the blue bundles to Appellant. After receiving the blue bundles from [ ] Rosato, Appellant proceeded to his original location on the west side of the block, about [45] feet from where Officer Flynn was stationed.

*Id.* at 3 (record citations omitted).

Officer Flynn then witnessed Appellant take part in two additional transactions that were identical to the ones described above. *See* Trial Ct. Op. at 3-4. Police stopped each of those individuals after they walked away from Appellant and recovered multiple "packets stamped [with] Gucci" from their persons. *Id.* at 3-4. After police recovered this evidence, Officer Flynn radioed other officers to secure a search warrant for the house on North A

Street, and stop Appellant and Rosato. *Id.* at 4. Upon stopping Appellant, officers recovered $40 from his person. *Id.*

While executing a search warrant on the North A Street house, officers found

> [480] dollars of United States currency . . . sitting on top of a dresser. Inside this same dresser, three . . . bundles with a total of [48] clear blue ziplock packets stamped with the word Bugati were recovered. Inside each packet was a powder substance believed to be heroin laced with fentanyl.
>
> [Police also found 17] bundles with a total of [272] clear blue ziplock packets stamped with the word Gucci . . . inside of a container of rice found in the kitchen. Again, inside each packet was a powder substance believed to be heroin laced with fentanyl.
>
> All of the narcotics recovered as a result of the surveillance were placed on individual property receipts and submitted to the chemistry lab for testing. Said narcotics tested positive for heroin and fentanyl.

Trial Ct. Op. at 4-5 (record citations omitted & paragraph breaks added).

Appellant was subsequently charged with possession of a controlled substance, PWID, and conspiracy. This matter proceeded to a one-day non-jury trial on September 29, 2021. The Commonwealth presented evidence as summarized above and Appellant testified on his own behalf. He stated that on January 24, 2019, he stopped at a corner store on North A Street after attending a suboxone program. N.T. Trial, 9/29/21, at 49-50. After exiting the store, he spoke to people outside and told them he was leaving. *Id.* at 50. He claims the police then stopped him and arrested him. *Id.* Appellant

insisted that he "didn't have anything to do with any of this" and the police mistook him for another person who "looked exactly like" him. *Id.* at 50-51.

At the conclusion of the proceedings, the trial court found Appellant guilty of the above-mentioned charges. On March 3, 2021, the court imposed an aggregate sentence of five to ten years' incarceration. Appellant did not lodge any objections during the hearing, nor did he file any post-sentence motions.[4] Appellant filed this timely appeal and complied with the court's order to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). In his Rule 1925(b) statement, Appellant raised the following claim:

> Were [A]ppellant's convictions against the clear weight of the evidence presented at trial?

Appellant's Statement of Matters Complained of On Appeal, 4/11/22, at 1. We note that Attorney Hughes does not provide a "Questions Presented" section in the *Anders* Brief, but indicates Appellant's purported claim challenges "the weight of the evidence presented at trial[.]" *See* Pa.R.A.P. 2111(a)(4) (Appellate briefs shall include a statement of questions presented); *Anders* Brief at 2 (unpaginated).

When, as here, counsel files a petition to withdraw and accompanying *Anders* brief, we must first examine the request to withdraw before

---

[4] Though he did not file a post-sentence motion, Appellant indicated at his sentencing hearing he wished to file both a post-sentence motion and an appeal. *See* N.T. Sentencing, 3/3/22, at 17-18.

addressing any of the substantive issues raised on appeal. *Commonwealth v. Bennett*, 124 A.3d 327, 330 (Pa. Super. 2015). An attorney seeking to withdraw from representation on appeal must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Pursuant to *Santiago*, counsel must also:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.*, *quoting Santiago*, 978 A.2d at 361.

Before addressing the contents of Attorney Hughes *Anders* brief and accompanying petition to withdraw, we note that on June 6, 2022, Attorney Hughes erroneously filed an application to withdraw as counsel and an accompanying "No Merit/*Finley* Letter" pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On June 28, 2022, this Court denied the application by a *per curiam* order, noting the requirements set forth in *Turner* and *Finley* apply when counsel seeks leave to withdraw their appearance

during Post Conviction Relief Act (PCRA)[5] proceedings as opposed to a direct appeal. Order, 6/28/22. Instead, Attorney Hughes was required to file an application pursuant to **Anders** and **Santiago**. Accordingly, this Court directed him to file an **Anders** brief or an advocate's brief within 30 days of the order. **Id.** Attorney Hughes failed to comply within the 30-day period, and this Court issued a second *per curiam* order again directing him to submit the appropriate filings within 14 days. Order, 9/15/22. The order notified Attorney Hughes that failure to do so would result in remand to the trial court for proceedings to determine if he abandoned Appellant. **Id.** Attorney Hughes, again, did not comply and this matter was remanded for further proceedings. Order, 10/21/22.

On November 2, 2022, the trial court issued findings regarding Attorney Hughes' status as Appellant's counsel. It stated that after a hearing on October 27th, Attorney Hughes confirmed he was representing Appellant and indicated he filed a request with this Court for an extension of time to file a brief. **See** Trial Court's Finding[s] on Status of Counsel and Filing of Appellant's Brief, 11/2/22, at 1. This Court's docket reveals that Attorney Hughes filed a request for an extension of time on the same day as the hearing, October 27, 2022. Thereafter, we granted Attorney Hughes' request — allowing him until November 28th to submit his brief — and he filed an **Anders** brief and accompanying application to withdraw as counsel one day

_____

[5] 42 Pa.C.S. §§ 9541-9546.

late, on November 29th. **See** Order, 11/7/22; **see also Anders** Brief; Application to Withdraw, 11/29/22 (unpaginated).

On December 12, 2022, this Court issued a *per curiam* order notifying Attorney Hughes that he failed to comply with the requirements of **Anders** and **Santiago** when he did not attach to his petition a copy of his letter to Appellant informing him of his right to retain new counsel, proceed *pro se*, or raise any additional claims before this Court. **See** Order, 12/12/22. We directed counsel to provide our Prothonotary's office with copies of the letter within 14 days of the order, but he again failed to do so. **See id.** On January 20, 2023, we directed counsel to comply with the December 12, 2022, order within seven days. **See** Order, 1/20/23. On February 21st — more than 30 days later — Attorney Hughes supplied copies of his letter to Appellant to this Court.

Returning to counsel's present petition, Attorney Hughes' filings substantially comply with the requirements of **Anders** and **Santiago**. **See Cartrette**, 83 A.3d at 1032. However, we point out that counsel's application to withdraw erroneously states he found Appellant's purported claim on appeal to be "meritless" as opposed to "frivolous." **See Cartrette**, 83 A.3d at 1032; **Santiago**, 978 A.2d at 361; Application to Withdraw, at 1. We remind counsel that the correct standard required to withdraw from representing a client on direct appeal is a determination that the appeal is **frivolous**. **See Cartrette**, 83 A.3d at 1032; **Santiago**, 978 A.2d at 361. The two terms are not synonymous. **See Commonwealth v. Hipps**, 274 A.3d 1263, 1271 n.3 (Pa.

Super. 2022) ("Frivolousness and meritlessness are distinct concepts. [F]rivolousness is a slightly higher standard than lack of merit; an argument may be meritless, but not frivolous.") (citations & quotation marks omitted); **Commonwealth v. Smith**, 700 A.2d 1301, 1305 n.10 (Pa. Super. 1997) ("[A]n appeal is frivolous where it lacks any basis in law or fact.") (citation & quotation marks omitted).

Nevertheless, while Attorney Hughes used the incorrect term in his application to withdraw, we can surmise from the supporting argument and law cited in his **Anders** brief that counsel ultimately concluded Appellant's claim was frivolous. **Anders** Brief at 2-4 (unpaginated). Thus, we accept his application and conclude it substantially meets the requirements of **Anders** and **Santiago**. Further, counsel has provided this Court with a copy of the letter he sent to Appellant, advising him of his right to proceed *pro se* or retain private counsel, and to raise any additional claims. **See** Attorney Hughes' letter to Appellant, 12/30/22. Appellant did not file a response. Thus, we may proceed to address the substantive claim presented on appeal.

As mentioned above, the **Anders** brief raises one claim for our review — that Appellant's convictions were against the weight of the evidence presented at trial. **Anders** Brief at 2 (unpaginated). Appellant avers, generally, that at the time of his arrest, police only recovered 40 dollars from his person and none of the "blue bundles" Officer Flynn described. **Id.** at 4. He insists that because "he was not found to have indicia of criminality on his

person at the time of arrest[,]" his conviction cannot stand. *Id.* at 3. No relief is due.

Upon review of the record, we conclude Appellant has waived this claim when he did not raise it prior to sentencing or in a post-sentence motion. *See* Pa.R.Crim.P. 607(A)(1)-(3) (weight claims must be preserved in the trial court by oral or written motion before sentencing or in a post-sentence motion); *Commonwealth v. Cox*, 231 A.3d 1011, 1018 (Pa. Super. 2020) (weight claims cannot be raised for the first time on appeal).

Additionally, the trial court concluded Appellant also waived this challenge because he "failed to provide any specific reason as to why the verdicts were contrary to the weight of the evidence in his [Rule] 1925(b) Statement." *See* Trial Ct. Op. at 6. As mentioned above, Appellant generally asserted his convictions were "against the clear weight of the evidence presented at trial." Appellant's Statement of Matters Complained of On Appeal, at 1. Appellant was convicted of three crimes — possession of a controlled substance, PWID, and conspiracy — but he did not specify which convictions, or elements thereof, he intended to challenge. For this reason, as well, Appellant's claim is waived. *See Commonwealth v. Juray*, 275 A.3d 1037, 1048 (Pa. Super. 2022) (a challenge to the weight of the evidence is waived when the defendant's Rule 1925(b) statement does not state with specificity the convictions or elements he wishes to dispute on appeal). Further, we emphasize:

A boiler[ ]plate motion, either that "the evidence was insufficient to support the verdict," or that "the verdict was against the weight of the evidence," is not a "precise statement of issues and grounds relied upon." Such assignments of error not only do not "foster" but discourage "alert and zealous advocacy," for anyone may make them without giving thought to what the issues really are.

*Commonwealth v. Rivera*, 238 A.3d 482, 497 (Pa. Super. 2020) (citation omitted). "Such specificity is of particular importance in cases where[ a defendant] was convicted of multiple crimes, each of which contains elements that the Commonwealth must prove beyond a reasonable doubt." *Id.* at 496 (citation omitted). As Appellant has waived his weight challenge, we are precluded from reviewing this claim on its merits.[6]

In any event, had Appellant preserved this claim, we would affirm on the well-reasoned basis of the trial court's opinion. Trial Ct. Op. at 7-8 (concluding: (1) Officer Flynn's "extremely detailed testimony" — wherein he described Appellant taking part in four hand-to-hand drug transactions — was credible; and (2) this evidence supported the verdict, and thus, Appellant's claim is meritless).

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

---

[6] Attorney Hughes does not acknowledge that the weight claim is waived in the *Anders* Brief.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>10/16/2023</u>